## JONES v. EVERETT LAND CO.

(Circuit Court of Appeals, Ninth Circuit. April 26, 1894.)

No. 106.

1. WRITS—SERVICE BY PUBLICATION—TIME FOR APPEARANCE.
    The amendment of Civ. Prac. Act. Wash. Terr. § 64, relating to service of summons by publication, by act of 1875, requiring a defendant so notified "to appear as if personally served within the county in which the complaint is filed on the day of the last publication," prescribed the time of appearance, which must be within the 20 days fixed by section 60 in case of personal service within the county.

2. SAME—PUBLICATION OF COMPLAINT.
    Civ. Prac. Act Wash. Terr. § 63, authorizing an order "that service be made by the publication of the summons," as amended in 1875 by omitting the words "of the summons," did not require publication of the complaint with the summons.

In Error to the Circuit Court of the United States for the District of Washington.

This was an action of ejectment by Charles F. Jones against the Everett Land Company. The circuit court directed a verdict for defendant, and entered judgment accordingly. Plaintiff brought error.

Wm. Lair Hill, Junius Rochester, A. D. Warner, W. R. Davis, and W. Scott Beebe, for plaintiff in error.

Francis H. Brownell, for defendant in error.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

McKENNA, Circuit Judge. This is an action of ejectment, brought by plaintiff in error against the defendant in error in the United States circuit court, district of Washington. Both parties derive title from Perrin C. Preston; the plaintiff by warranty deeds, and the defendant by sheriff's deed under a decree of foreclosure of a mortgage given prior to the deed to plaintiff in error. The controversy between the parties is at to the sufficiency of the service in the foreclosure suit. The suit was brought September 2, 1876, and service was made by publication, and gave 30 days to appear. The plaintiff contends that it should have required Perrin to appear within 60 days after service, the service being completed after the publication of the summons.

The provision for the issuance and service of summons is as follows:

"Sec. 60. The clerk shall endorse on the complaint the day, month, and year the same is filed, and at any time within one year after the filing of the same, the plaintiff may have a summons issued. The summons shall run in the name of the United States of America, be signed by the clerk, tested in the name of the judge of the court from which it issues, be directed to defendant, and be issued under the seal of the court. The summons shall state the parties to the action, the court in which it is brought, the county in which the complaint is filed, and cause and general nature of the action, and require the defendant to appear and answer the complaint within the time mentioned in this section, after the service of the summons, exclusive of the day of serv-

ice, or that judgment by default will be taken against him, according to the prayer of the complaint, briefly stating the sum of money or other relief demanded in the complaint, and the clerk shall also endorse on the summons the names of the plaintiff's attorneys. The time in which the summons shall require the defendant to answer the complaint shall be as follows: First: If the defendant is served within the county in which the action is brought, twenty (20) days. Second: If the defendant is served out of the county, but in the district in which the action is brought, thirty (30) days. Third: In all other cases, sixty (60) days."

The order of publication and time is provided for in section 64, which is as follows:

"Sec. 64. The order shall direct the publication to be made in a newspaper to be designated, as most likely to give notice to the person to be served, and for such length of time as may be deemed reasonable, at least once a week, and not less than six (6) weeks. In case of publication, where the residence of an absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to the person to be served, at his place of residence. *When the foregoing provisions have been complied with, the defendant so notified, shall be required to appear as if personally served within the county in which the complaint is filed on the day of the last publication*, proof thereof being made by the affidavit of the publisher or his foreman, and filed before default is taken. Actual personal service of the summons, either within or without the territory, supersedes the necessity of publication."

The part in italics was added as an amendment in 1875. Other amendments were made, not necessary to notice.

The defendant in error contends that this amendment makes the first subdivision of section 60 applicable to service by publication; and plaintiff, on the contrary, insists that it prescribed merely the manner of appearance, not the time of it. We think the defendant's view is correct. Section 60 provides: "The summons shall * * * require the defendant to appear and answer the complaint within," etc.,—that is, answer it in the manner provided by law; and this manner of appearance is made applicable to all summons, no matter within what time to be answered. To provide it again by an amendment was useless. On the other hand, an amendment was necessary to make the first subdivision of section 60, instead of the third subdivision, apply to service by publication; and it was natural enough to insert it in section 64, as the section was concerned with that topic.

It is also urged by plaintiff that the court had no jurisdiction to order publication of summons against Preston, because section 63 provides that "service may be made by publication * * * (3) in an action for sale of real property * * * under a mortgage." A complete answer to this is that the action was for the sale of real property under a mortgage,—strictly so as to Preston, for it was the only relief prayed against him.

Another point is made by plaintiff that a copy of the complaint was not published with the summons, as the practice act required. There is plausibility given to this point, because section 63, as it existed in 1873, contained the words that "such court or judge may grant an order that service be made by the publication of the summons." In 1875 the section was amended in several particulars, and the words "of the summons" omitted. But a careful consid-

eration of other sections, and in view of the universal custom everywhere, as far as we have knowledge, or our attention has been directed, together with the special contemporaneous practice in Washington, as stated to exist by the learned judge who tried the case in the circuit court, convince us that it was not the intention of the legislature to require the publication of a copy of the complaint. What was meant by service by publication had become established, and we feel sure that if the legislature had intended a different meaning--a radical departure--it would have declared directly that a copy of the complaint should be published.

There being no error in the record, the judgment is therefore affirmed.